UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID R. ENGLES** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-1463** |
| **GREAT LAKES INSURANCE SE** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] by defendant Great Lakes Insurance SE ("Great Lakes") to dismiss plaintiff David R. Engles' ("Engles") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Engles opposes[2] the motion. For the reasons that follow, the Court denies the motion to dismiss, dismisses the motion for more definite statement as moot, and grants Engles leave to file an amended complaint.

### I.   FACTUAL BACKGROUND

This case arises from an insurance dispute.[3] Engles alleges that his property, located on Claiborne Avenue in New Orleans, Louisiana, was insured by a policy issued by Great Lakes.[4] He further alleges that the property suffered $300,000 of damages in August 2021 as a result of Hurricane Ida, but asserts that Great Lakes

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 9.
[3] R. Doc. No. 2-1.
[4] *Id.* ¶¶ II–III.

has paid none of this amount.[5] He also "avers penalties and attorney fees for Great Lakes' arbitrary and capricious failure and refusal to pay [Engles'] damages."[6]

Engles filed this action in the Civil District Court for the Parish of Orleans on March 10, 2023, seeking "all damages proven at trial on the merit [sic], for all penalties and attorney fees for [Great Lakes'] arbitrary and capricious failure and refusal to pay [Engles'] damages, plus legal interest . . . ."[7] Great Lakes removed the action to this Court on May 2, 2023.[8]

Great Lakes filed the instant motion to dismiss on May 9, 2023, on the grounds that Engels' complaint "fails to identify any specific cause of action, breach of legal duty, or allege any specific misconduct against Great Lakes[,]" and, as a result, "Great Lakes is left to infer what, how, or why it is liable to [Engles]."[9] In the alternative, Great Lakes requests that the Court order Engles to amend his complaint to "provide Great Lakes with sufficient information as to the legal and factual basis of his claims."[10] Engles opposes the motion.[11]

## II.   STANDARDS OF LAW

### a.   Dismissal for Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ.

---

[5] *Id.* ¶¶ IV–V.
[6] *Id.* ¶ VI.
[7] *Id.* at 2.
[8] R. Doc. No. 2.
[9] R. Doc. No. 8-2, at 1.
[10] *Id.*
[11] R. Doc. No. 9.

2

P. 12(b)(6). Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Together, these rules demand "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of *each element* of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (emphasis added) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted). Thus, "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

### b. Motion for More Definite Statement

Federal Rule of Civil Procedure 12(e) states, in pertinent part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The motion must be made prior to filing a responsive pleading and "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

"Given the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored." *Murungi v. Texas Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009) (Vance, J.) (citing *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)). A court should only grant a motion for a more definite statement when the complaint is "so excessively vague and ambiguous to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Phillips v. ABB Combustion Eng'g, Inc.*, No. 13-594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013) (Feldman, J.) (quoting *Babcock v. Wilcox Co. v. McGriff, Siebels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006) (Barbier, J.)); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (holding that a Rule 12(e) motion may be appropriate "[i]f a

4

pleading fails to specify the allegations in a manner that provides sufficient notice"). "If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e).

### c. Louisiana Breach of Insurance Contract Claims

"In Louisiana, a breach-of-contract claim has three essential elements: (1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee." *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018) (quotations and citations omitted).

"To state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002); *accord Hibbets v. Lexington Ins. Co.*, 377 F. App'x 352, 355 (5th Cir. 2010) (per curiam) ("We have recognized that in order to allege a valid 'claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision.'" (quoting *Louque*, 314 F.3d at 782)); *NAZ LLC v. Mt. Hawley Ins. Co.*, No. 21-1893, 2022 WL 1719272, at *2 (E.D. La. May 27, 2022) (Lemelle, J.) (quoting *Whitney Bank v. SMI Cos. Glob., Inc.*, 949 F.3d 196, 205 (5th Cir. 2020)); *Bean v. Am. Gen. Life Ins. Co.*, No. 17-57, 2017 WL 2831692, at *2 (E.D. La. June 30, 2017) (Vance, J.); *Koerner*, 2016 WL 4728902, at *1.

5

Insurers owe a duty of good faith and fair dealing to their insureds. La. Stat. Ann. § 22:1973(A). An insurer breaches this duty if it arbitrarily, capriciously, and without probable cause fails to pay a claim "within sixty days of satisfactory proof of loss." *Id.* § 1973(B)(5). An insured party also has a cause of action for penalties against their insurer if the insurer fails to pay a claim within thirty days of "receipt of satisfactory proofs of loss" and that failure is "arbitrary, capricious, or without probable cause." *Id.* § 1892(B).

To recover pursuant to these statutes, "a plaintiff must first have a valid, underlying, substantive claim upon which insurance coverage is based." *Q Clothier New Orleans, LLC v. Twin City Fire Ins. Co.*, 535 F. Supp. 3d 574, 588 (E.D. La. 2021) (Lemelle, J.) (quoting *Pelle v. Munos*, 296 So. 3d 14, 25 (La. Ct. App. 2020)). "[W]hen a breach of insurance contract fails, a bad faith claim shall likewise fail." *Id.* (citing *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 363 (5th Cir. 2010)). In addition, a complaint alleging breach of the good faith statutes must state factual allegations that allow the court to "plausibly conclude" that the insurer's actions were "arbitrary, capricious, and unsupported by any evidence and constitute bad faith." *Hibbets*, 377 F. App'x at 256 (quotations and citations omitted); *accord NAZ, LLC v. United Nat'l Ins. Co.*, 779 F. App'x 200, 205 (5th Cir. 2019).

### III. ANALYSIS

#### a. Failure to State a Claim

Engles' complaint fails to provide Great Lakes with sufficient "notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc.*, 544

6

U.S. at 346 (internal quotations omitted). First, Engles' complaint states no cause of action, besides an oblique reference to Louisiana's laws pertaining to insurers' duty of good faith and fair dealing to their insureds, and breach of said duty. La. Stat. Ann. §§ 22:1973(A), (B)(5).[12] Nowhere in his complaint does Engles state that Great Lakes breached the insurance contract between them. In his opposition, Engles argues that he has sufficiently stated a claim for relief because his complaint alleged that he owned a property, the property was damaged in Hurricane Ida, Great Lakes insured the property, and Great lakes has "refused to pay [Engles] anything."[13] Engles asks: "How can Great Lakes claim [he] has failed to state a cause of action, or failed to allege how Great Lakes breached its duty?"[14]

In short, Engles' argument appears to be that Great Lakes should be able to discern by reading between the lines of his sparse factual allegations what legal duty or statute Great Lakes purportedly violated. He is incorrect. As stated, to satisfy Rule 8(a)'s requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" the complaint "must provide the defendant with *fair notice of what the plaintiff's claim is* and the grounds upon which it rests." *Dura Pharms., Inc.*, 544 U.S. at 346 (emphasis added). Engles' complaint has not met even this minimal requirement.

---

[12] Engles' complaint "avers penalties and attorney fees for Great Lakes' arbitrary and capricious failure and refusal to pay [Engles'] damages." R. Doc. No. 2-1, ¶ VI.
[13] R. Doc. No. 9, at 1–2.
[14] *Id.* at 2.

Moreover, assuming Engles' complaint is indeed for breach of an insurance contract, Engles' complaint does not identify any policy provision it believes Great Lakes has breached, "which alone is enough to render the complaint deficient." *Omkar, LLC v. AmGUARD Ins. Co.*, 624 F. Supp. 3d 646, 2022 WL 3924291, *4 (E.D. La. 2022) (Africk, J.) (citing *NAZ LLC v. Mt. Hawley Ins. Co.*, No. 21-1893, 2022 WL 1719272, at *2 (E.D. La. May 27, 2022) (Lemelle, J.)); *Koerner*, 2016 WL 4728902, at *1. Even were the Court to set aside these deficiencies, the factual material alleged in Engles' complaint is insufficient to support claims for breach of contract or breach of Great Lakes' duty of good faith and fair dealing.

The Court recently considered the issue of what constitutes sufficient factual allegations to survive a Rule 12(b)(6) motion in *JMC – Tran Properties v. Westchester Surplus Lines Ins. Co.*, No. 22-4727, 2023 WL 2527168 (E.D. La. Mar. 15, 2023) (Africk, J.).[15] In *JMC – Tran*, the Court noted that

> [t]he factual material contained in [JMC's] complaint states only, in relevant part, that JMC's property was damaged due to "a hurricane event[,]" that Westchester has received "satisfactory proof of loss[,]" and that Westchester "failed to timely and reasonably adjust the loss."

*Id.* at *5 (citations omitted). The Court held that these allegations merely "'parrot[ed] the legal standards applicable to [JMC's] claims without providing factual support.'"

---

[15] In his opposition, Engles argued that *JMC – Tran* is inapplicable because the plaintiff in that case "was seeking a declaratory judgment concerning the start date for penalties and attorney fees provided in LSA-R.S. 22:1973 and 22:1892." R. Doc. No. 9, at 2. However, the plaintiff in *JMC – Tran* sought not only a declaratory judgment, but also brought claims for breach of insurance contract and for breach of the duty of good faith and fair dealing. Accordingly, *JMC – Tran* is applicable to the instant case.

*Id.* (quoting *Omkar, LLC*, 2022 WL 3924291, at *4) (alteration in *JMC – Tran*). Regarding JMC's claim for breach of the duty of good faith and fair dealing, the Court further ruled that

> [JMC] merely sets forth the legal standards applicable to bad-faith claims, without providing factual support for his allegations that Westchester "unjustifiably failed and/or refused to perform its obligations." For example, JMC's complaint does not state when Westchester received satisfactory proof of loss, when inspections of the property took place, or other factual allegations regarding timing which are necessary to determine if and when the 30-day and 60-day statutory periods began to run. Further, though JMC alleges that Westchester "continues to unreasonably refuse to pay the undisputed portion of the claim[,]" JMC provides no factual allegations as to what this undisputed portion of the claim is, including the amount paid, amount outstanding, and why any unpaid portions are nonetheless properly considered "undisputed."

*Id.* (citations omitted). Yet the plaintiff's factual allegations in *JMC – Tran* are plentiful compared to those alleged by Engles in the instant case. For instance, Engles does not provide any factual allegations as to whether Engles provided "satisfactory proof of loss" to Great Lakes and, if so, what this notice was and when he provided it. Engles also does not provide any factual allegations as to whether and when inspections of his property were done, and when demand was made upon Great Lakes for payment. Though Engles states that his property suffered $300,000 in damages, he does not allege whether this amount is disputed.[16]

Ultimately, the mere facts that Engles has an insurance policy with Great Lakes and has not been paid for alleged damages do not constitute factual allegations sufficient to allow the court to "plausibly conclude" that the Great Lakes' actions were

---

[16] R. Doc. No. 2-1, ¶ V.

9

"arbitrary, capricious, and unsupported by any evidence and constitute bad faith." *Hibbets*, 377 F. App'x at 256 (quotations and citations omitted). The Court finds that Engles has failed to state a claim for relief.

## IV.     CONCLUSION

Engles' complaint does not provide Great Lakes with sufficient allegations as to the not only the factual basis of his claims, but also as to what precisely his claims are. His complaint is so "vague or ambiguous that [Great Lakes] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). However, instead of granting Great Lakes' motion to dismiss, the Court will offer Engles one opportunity to amend his complaint to provide more specifics regarding his claim(s) and the factual allegations supporting the claim(s). Accordingly,

**IT IS ORDERED** that the Great Lakes' motion is **DENIED IN PART** and **DISMISSED AS MOOT IN PART**. Great Lakes' motion to dismiss pursuant to Rule 12(b)(6) is **DENIED**.

**IT IS FURTHER ORDERED** that Engles may file an amended complaint that provides more detail as to his cause(s) of action **no later than JUNE 19, 2023**. If Engles fails to timely file an amended complaint, the Court will dismiss this action and enter judgment in favor of Great Lakes. If an amended complaint is filed, Great Lakes may, if warranted, re-file a timely motion to dismiss.

**IT IS FURTHER ORDERED** that Great Lakes' motion for a more definite statement pursuant to Rule 12(e) is **DISMISSED AS MOOT**.

New Orleans, Louisiana, June 5, 2023.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE